BROWNING *v.* CLYMER.

*A.* conveyed to *B.* certain land and took from him a bond for a re-conveyance of the land on *A.'s* paying 700 dollars. The money was not paid, and *B.* conveyed the land to *C.* and *D.*, who sold it to the complainant, and gave him a bond for a deed when the purchase-money was paid. *Held,* that the complainant could have no claim under such bond until he had paid the purchase-money, or had offered to pay it, upon receiving the deed at the same time.

ERROR to the *Wayne* Circuit Court.

BLACKFORD, J.—This was a bill in chancery filed by *John Clymer* against *Isaac Browning, Rankin Baldridge,* and *Morrison Baldridge.*

*Tuesday, January 8, 1850.*

The bill states that on the 12th of *August,* 1842, *Isaac Browning* conveyed in fee to *Samuel Baldridge* two certain town-lots; that, at the same time, said *Browning* took from said *Samuel Baldridge* a bond, conditioned for a re-conveyance of the lots to said *Browning* within two years from the date of the bond, on said *Browning's* paying to said *Samuel Baldridge,* within said time, the sum of 700 dollars, with ten *per cent.* interest from the date; that said money had not been paid; and that, on the 12th of *July,* 1844, the said *Samuel Baldridge* conveyed in fee said lots to said *Rankin* and *Morrison Baldridge.*

The bill then proceeds as follows: "Your orator further shows that said *Rankin* and *Morrison,* afterwards, to-wit, on the 10th of *March,* 1845, sold said lots to your orator for the sum of 500 dollars, and then gave to your orator a bond for a deed for the same so soon as the purchase-money therefor should be paid; which bond, signed by said *Rankin,* and not by said *Morrison,* for the reason that he was then under age, is here shown to the Court, and made a part hereof, marked exhibit A. Your orator further shows that he purchased said lots and entered into possession thereof, and made lasting and valuable improvements thereon, to-wit, of the value of 500 dollars, without any notice or knowledge whatever of the existence of any such bond as that given as aforesaid by said *Samuel Baldridge* to said *Browning.*"

The bill concludes by praying that the Court may de-

cree that said last mentioned bond may be given up and cancelled; and that said *Browning*, and all persons claiming under him, may be enjoined from setting up any claim under it; and for general relief.

*Browning* filed an answer to the bill, to which answer there was a general replication. The cause was submitted to the Court on the bill, answer, and certain depositions.

Decree that *Browning* pay to the complainant, within sixty days, 1,194 dollars and 94 cents, with interest; and that, on his failure to do so, the premises be sold, &c.

We understand by the bill, that the complainant's only claim to the lots in question, is founded on the title-bond executed to him by *Rankin Baldridge*. We will pass by, without comment, the circumstance that this bond is executed by *Rankin Baldridge* alone. Supposing the bond to have been executed by both of the grantees of *Samuel Baldridge*, it would be only a contract by the obligors to execute to the complainant a quit-claim deed for said lots so soon as the purchase-money therefor, namely, 500 dollars, should be paid.

The complainant could have no claim, under such a bond, against any person whatever, either at law or in equity, until he had paid to the proper party the purchase-money, or had, at least, offered to pay the same upon receiving the deed at the same time.

The bill does not aver such payment, or any offer to make it; and it therefore contains no equity.

Whether, if the purchase-money had been paid, or duly offered, the complainant, before obtaining a decree on the bond he holds, could proceed against *Browning*, we give no opinion.

*Per Curiam.*—The decree is reversed, and the proceedings subsequent to the bill to set aside, with costs. Cause remanded, with instructions to the Circuit Court to permit the complainant to amend the bill. Costs here.

*C. H. Test*, for the plaintiff.

*J. S. Newman* and *J. B. Julian*, for the defendant.